UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Burchwell,

    Plaintiff,                                 Case No.  1:13cv297

    v.                                         Judge Michael R. Barrett

Warren County, Ohio,

    Defendant.

## OPINION & ORDER

This matter is before the Court upon Defendant Warren County's Motion to Dismiss.  (Doc. 4.)  Plaintiff filed a Response (Doc. 5) and Defendant filed a Reply (Doc. 7).

**I.**  **BACKGROUND**

Plaintiff brings claims of constitutional violations based on his state criminal conviction and sentencing.  Plaintiff only brings his claims against Defendant Warren County, Ohio.  Plaintiff claims that the complainant in his underlying criminal case received payments from the Warren County Prosecuting Attorney's Office to encourage her to continue with the criminal case.  Plaintiff also claims that the complainant in the criminal case did not want to continue the criminal case, but the Warren County Prosecuting Attorney's Office pressured her to continue by threatening to take her children from her.  Finally, Plaintiff claims that at the re-trial of his criminal case, Judge Bronson of the Warren County Common Pleas Court threatened Plaintiff with jail if he did not proceed *pro se*.

In its Motion to Dismiss, Warren County seeks to dismiss all of Plaintiff's claims. The County argues that liability under 42 U.S.C. § 1983 must be based on more than a merely the right to control.  The County also argues that Plaintiff has failed to identify a policy or custom which caused his injury.  The County argues that because Plaintiff's § 1983 claim fails, his claim under 42 U.S.C. § 1988 must necessarily also fail.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.  Section 1983

To state a § 1983 claim, a plaintiff must establish "(a) deprivation of a right

secured under the Constitution or federal law; and (b) that deprivation was caused by a person acting under color of state law." *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003) (citing *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996)).  Although municipalities are "persons" subject to suit under § 1983, liability only exists where the plaintiff's constitutional rights have been violated as a result of a municipal "policy" or "custom."  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978).  The Sixth Circuit has explained that:

> There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom.  The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

This Court has held that in Ohio, a county prosecutor has final decision-making authority with regard to the operation of their offices and discharge of their duties. *Stone v. Holzberger*, 807 F. Supp. 1325, 1335 (S.D. Ohio 1992) *aff'd*, 23 F.3d 408 (6th Cir. 1994) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)).

Plaintiff's §1983 claim is based on a deprivation of his constitutional rights by the Warren County Prosecutor in Plaintiff's underlying state criminal proceedings. However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). Plaintiff has failed to allege the existence of any such policy.  As such, Plaintiff fails to state a §1983 claim against Warren County.  *Accord Mitchell v. City of Hamilton*, 2012

3

WL 701173, at * 5 (S.D.Ohio March 1, 2012) (dismissing §1983 claim against county because the plaintiff had "pleaded facts concerning only a single set of wrongful acts towards him, not a policy or custom of inadequate training or supervision"); *Lewis v. City of Cleveland*, 1:13CV589, 2013 WL 5564146, *2, n.1 (N.D. Ohio Oct. 8, 2013) (recognizing that a single incident under a policy or custom might give rise to municipal liability, but dismissing § 1983 claim because the plaintiff did not identify any such policy or custom).

### C. Section 1988

Under 42 U.S.C. § 1988, a court may award attorney and expert fees to a prevailing party. However, § 1988 does not itself provide a cause of action. *Moor v. Alameda Cnty.*, 411 U.S. 693, 710 (1973). Because the Court has dismissed Plaintiff's § 1983 claim, Plaintiff is not entitled to recover an award of fees under § 1988. *Accord Palmer v. Town of Jonesborough*, 2:08-CV-345, 2009 WL 1255780, *11 (E.D. Tenn. May 1, 2009). Therefore, Plaintiff fails to state a claim under § 1988.

### III. CONCLUSION

Defendant Warren County's Motion to Dismiss (Doc. 4.) is **GRANTED**. Plaintiff's claims are dismissed with prejudice. This matter is **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                       JUDGE MICHAEL R. BARRETT